313 Ga. 803
FINAL COPY

S21U0879.  IN RE FORMAL ADVISORY OPINION NO. 20-1.

PER CURIAM.

On September 9, 1994, this Court approved State Bar of Georgia Formal Advisory Opinion ("FAO") 94-3, which addresses and provides guidance concerning former Standard of Conduct 47 in answering the question: "May a lawyer properly contact and interview former employees of an organization represented by counsel to obtain information relevant to litigation against the organization?" On June 12, 2000, we issued an order adopting the Georgia Rules of Professional Conduct ("GRPC") found in Bar Rule 4-102 (d), which replaced the Standards of Conduct. In response to these actions, the State Bar's Formal Advisory Opinion Board ("Board") determined that the substance and conclusion reached in FAO 94-3 remained the same under the applicable GRPC. Accordingly, in September 2004, the Board added a headnote to FAO

94-3 that references GRPC 4.2 and 4.3, which correlate to Standard of Conduct 47 and the ethical issues addressed in FAO 94-3. See FAO 94-3 (noting in a headnote that attorneys should refer to GRPC 4.2 and 4.3, and in another headnote that "[f]or certain existing Formal Advisory Opinions . . . it is the opinion of the Formal Advisory Opinion Board that the substance and conclusion reached under the Standards, [Ethical Considerations] and/or [Directory Rules] remains the same under the Georgia Rules of Professional Conduct").

In addition to its connection to former Standard 47, FAO 94-3 references FAO 87-6, which this Court withdrew on February 18, 2019.[1] On October 24, 2019, the Board determined that adding further statements to the FAO 94-3 headnote was not the best way to address the withdrawn opinion. Thus, the Board redrafted FAO 94-3, removing the references to FAO 87-6. Additionally, redrafting

---

[1] FAO 87-6 addressed the "[e]thical propriety of a lawyer interviewing the officers and employees of an organization when that organization is the opposing party in litigation without consent of [the] organization."

allowed for insertion of proper internal reference to the GRPC.

Pursuant to Bar Rule 4-403 (d),[2] FAO 20-1, the redrafted FAO

---

[2] Bar Rule 4-403 (d) states:

After the Formal Advisory Opinion Board makes a final determination that the Proposed Formal Advisory Opinion should be drafted and filed, the Formal Advisory Opinion shall then be filed with the Supreme Court of Georgia and republished either in an official publication of the State Bar of Georgia or on the website of the State Bar of Georgia. If the proposed Formal Advisory Opinion is to be republished on the State Bar of Georgia website only, the State Bar of Georgia will send advance notification by e-mail to the entire membership that have provided the State Bar of Georgia with an e-mail address, that the proposed opinion will be republished on the State Bar of Georgia website. Unless the Supreme Court of Georgia grants review as provided hereinafter, the opinion shall be binding only on the State Bar of Georgia and the person who requested the opinion, and not on the Supreme Court of Georgia, which shall treat the opinion as persuasive authority only. Within 20 days of the filing of the Formal Advisory Opinion or the date the official publication is mailed to the members of the State Bar of Georgia (if the opinion is published in an official publication of the State Bar of Georgia), or first appears on the website of the State Bar of Georgia (if the opinion is published on the website), whichever is later, the State Bar of Georgia or the person who requested the opinion may file a petition for discretionary review thereof with the Supreme Court of Georgia. The petition shall designate the Formal Advisory Opinion sought to be reviewed and shall concisely state the manner in which the petitioner is aggrieved. If the Supreme Court of Georgia grants the petition for discretionary review or decides to review the opinion on its own motion, the record shall consist of the comments received by the Formal Advisory Opinion Board from members of the State Bar of Georgia. The State Bar of Georgia and the person requesting the opinion shall follow the briefing schedule set forth in Supreme Court of Georgia Rule 10, counting from the date of the order granting review. The final determination may be either

94-3, appeared for first publication on the State Bar's website on November 16, 2020, after which time the Board received comments on the opinion. On January 20, 2021, the Board made a final determination that FAO 20-1 should be approved as drafted and filed with this Court pursuant to Bar Rule 4-403 (d). The State Bar filed a petition for discretionary review on March 31, 2021, and we granted review on May 3, 2021.

Although the language of the question presented in FAO 20-1 is slightly different from that set forth in FAO 94-3, FAO 20-1 addresses the same ethical issue that was addressed in FAO 94-3.[3] It does so by providing an interpretation of the GRPC rather than the since-repealed Standards of Conduct and reaches the same basic

by written opinion or by order of the Supreme Court of Georgia and shall state whether the Formal Advisory Opinion is approved, modified or disapproved, or shall provide for such other final disposition as is appropriate.

[3] The question presented in FAO 94-3 was: "May a lawyer properly contact and interview former employees of an organization represented by counsel to obtain information relevant to litigation against the organization?" The question presented in FAO 20-1 is: "Whether a lawyer may properly communicate with a former employee of a represented organization to acquire relevant information, without obtaining the consent of the organization's counsel."

conclusion as FAO 94-3:

> Generally, a lawyer may communicate with a former employee of an organization that is represented by counsel without obtaining that counsel's consent, provided that the lawyer fully discloses to the former employee, before initiating the communication, the following information: (1) the identity of the lawyer's client and the nature of that client's interest in relation to the organization (i.e., the former employer); and (2) the reason for the communication and the essence of the information sought.

FAO 20-1.

The Georgia Defense Lawyers Association ("GDLA") raised concerns over FAO 20-1 and filed a brief in opposition to its approval. The Court heard arguments from the State Bar and the GDLA on October 20, 2021.[4] Central to GDLA's argument was how to interpret GRPC 4.2 and 4.2 Comment 4A. GRPC 4.2 (a), commonly known as the "anti-contact rule," provides:

> A lawyer who is representing a client in a matter shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order.

---

[4] We thank Professor Lonnie Brown, who argued on behalf of the Board.

5

Comment 4A to GRPC 4.2 explains who does and does not come within the anti-contact protections provided by GRPC 4.2, stating in relevant part:

> In the case of an organization, this Rule prohibits communications with an agent or employee of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter, or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

GDLA contended in its brief that former employees fall within the "three types of agents or employees of a represented organization who may not be contacted on an ex parte basis by an opposing lawyer[.]" However, this argument is incorrect. This Court clarified the distinction between an opposing lawyer's communication with employees and former employees of a represented organization when we amended Comment 4A to GRPC 4.2 in an order issued on November 3, 2011.[5] See Order on the Motion to Amend the Rules

---

[5] The former version of Comment 4A, in relevant part, stated the following:

> In the case of an organization, this Rule prohibits

6

and Regulations of the State Bar of Georgia (Nov. 3, 2011). We approved the deletion of broader references to "persons" and "any other person" and replaced them with the narrower and more precise phrase "agent or employee." See id. The approved amended version also excluded the term "former employee" from the comment, noting instead that communications with such individuals were addressed by FAO 94-3. See Order on the Motion to Amend the Rules and Regulations of the State Bar of Georgia (Nov. 3, 2011).

After considering the submission from the Board, the briefing and arguments before the Court, and the record as a whole, we hereby retract Formal Advisory Opinion 94-3 and approve Formal

communications by a lawyer for another person or entity concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization. If an agent or employee of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule. Compare Rule 3.4(f): Fairness to Opposing Party and Counsel.

7

Advisory Opinion 20-1, with modifications that are explained below in footnote 6. The modified version of FAO 20-1 is attached to this opinion as an appendix.[6]

*Formal Advisory Opinion No. 20-1 approved as modified. All the Justices concur.*

---

[6] Georgia attorneys are governed by the Georgia Rules of Professional Conduct. Although certain rules in the GRPC contain similar or identical language to corollary rules in the American Bar Association Model Rules of Professional Conduct ("ABA Rules"), this Court has not adopted the ABA Rules or the comments to the ABA Rules wholesale. Accordingly, we have modified the proposed FAO 20-1 to omit all of footnote 1 and a portion of footnote 3 in the proposed FAO, which contained references to ABA Model Rule 4.2, Comment 7 to that rule, and ABA Formal Opinion 91-359 (March 22, 1991). The remaining portion of what was originally footnote 3 is now footnote 2 of the modified and approved FAO. The references to that ABA rule, comment, and formal opinion are not the basis for the guidance provided in FAO 20-1. To the extent the ABA Rules say more than the GRPC, they are not binding on Georgia attorneys. To the extent the ABA Rules are identical to the GRPC, it is unnecessary to look to the ABA Rules for guidance. Thus, to avoid confusion, we rely solely on the GRPC. In analyzing questions related to professional ethics, Georgia attorneys should reference the ABA Rules and any related comments or advisory opinions only as persuasive rather than binding authority. The persuasiveness of ABA authority for interpreting Georgia rules depends on (1) the similarity to Georgia text of the ABA text that is being interpreted, and (2) the extent to which the ABA authority is based on an interpretation of the actual text of that similar rule.

# APPENDIX

**STATE BAR OF GEORGIA**
**FORMAL ADVISORY OPINION NO. 20-1**
**Approved On May 3, 2022 Pursuant to Bar Rule 4-403**
**By Order of the Supreme Court of Georgia Thereby Replacing FAO No. 94-3**
**Supreme Court Docket No. S21U0879**

## QUESTION PRESENTED:

Whether a lawyer may properly communicate with a former employee of a represented organization to acquire relevant information, without obtaining the consent of the organization's counsel.

## SUMMARY ANSWER:

Generally, a lawyer may communicate with a former employee of an organization that is represented by counsel without obtaining that counsel's consent, provided that the lawyer fully discloses to the former employee, before initiating the communication, the following information: (1) the identity of the lawyer's client and the nature of that client's interest in relation to the organization (i.e., the former employer); and (2) the reason for the communication and the essence of the information sought. After making these disclosures, the lawyer must also obtain the former employee's consent to the communication.

Furthermore, in communicating with the former employee, the lawyer must not utilize methods of obtaining information that would violate the legal rights of the former employee or the represented organization, such as inquiring into information that may be protected by the attorney-client privilege or other evidentiary privilege.

Finally, if the lawyer knows or at any point determines that the former employee is individually represented by counsel in the matter, the lawyer may not communicate with the former employee, unless authorized by law or court order to do so, without obtaining the former employee's counsel's consent.

## OPINION:

The question presented relates to the propriety of a lawyer seeking to obtain information from a former employee of an organization that is represented by counsel. Counsel for an organizational client undoubtedly would prefer that an adverse lawyer not be permitted to communicate with former employees of the organization for the purpose of obtaining information that could be used against the organization. However, prohibiting such communications by a lawyer, without the consent of the organization's counsel, would give that counsel a right of information control that is not supported by any rule of professional conduct.

Georgia Rule of Professional Conduct 4.2, commonly known as the anti-contact rule, only addresses a lawyer's ability to communicate about the subject matter of a representation with a

1

person who is represented by counsel in the matter. Specifically, Rule 4.2 (a) provides:

> A lawyer who is representing a client in a matter shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order.

Rule 4.2 prohibits communication with some but not all of the constituents of the organization. Comment 4A to Rule 4.2 explains which constituents fall within the rule's anti-contact protections—

> In the case of an organization, this Rule prohibits communications with an agent or employee of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter, or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

The Comment does not anywhere suggest that a former employee comes within Rule 4.2's protections. The only reasonable conclusion to draw from this omission is that Rule 4.2 does not apply to former employees.

That, however, does not fully address a lawyer's ethical obligations in this context. While a lawyer may communicate with a former employee of an organization without first obtaining the consent of that organization's counsel, the lawyer must comply with Rule 4.3 and make it clear that he or she is not disinterested and explain the nature of and reasons for the communication with the former employee.[1] In particular, the lawyer must fully disclose to the former employee, before initiating the communication, the following information: (1) the identity of the lawyer's client and the nature of that client's interest in relation to the organization (i.e., the former employer); and (2) the reason for the communication and the essence of the information sought. After the required disclosures are made, the lawyer must secure the former employee's consent to the communication. If the former employee refuses to consent, the lawyer must proceed through the formal discovery process in order to obtain the desired information.

---

[1] Rule 4.3 addresses a lawyer's duties in dealing with an unrepresented person:

> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not:
>
> a. state or imply that the lawyer is disinterested; when the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding; and
> b. give advice other than the advice to secure counsel, if a lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of a client

GEORGIA RULES OF PROF'L CONDUCT, R. 4.3 (2020) [hereinafter "GEORGIA RULES"].

The lawyer must also exercise caution in communicating with the former employee and avoid utilizing methods of obtaining information that would violate the legal rights of the former employee or the represented organization.[2] In particular, the lawyer must refrain from inquiring into information that may be protected by the attorney-client privilege or some other evidentiary privilege.[3] Along the same lines, before initiating the communication, the lawyer should ensure that the former employee is not personally represented by counsel in the matter. If the lawyer knows or determines that the former employee is individually represented by counsel, the lawyer must comply with Rule 4.2 and obtain the consent of the former employee's counsel, unless the lawyer is otherwise authorized by law or court order to make the communication.

Finally, while this opinion focuses on a lawyer communicating with a former employee of an organization that is represented by counsel, the guidance it provides is also instructive for navigating the same situation when the organization is not represented by counsel. A former employee under such circumstances likewise has a right to know the identity of the lawyer's client and the nature of and reasons for the lawyer's communication. Therefore, even when the organization is not represented by counsel, a lawyer should make full disclosure to the former employee as set forth in this opinion and obtain the former employee's consent before engaging in any other communication.

---

[2] *See* GEORGIA RULES, R. 4.4 (a).

[3] *See* GEORGIA RULES, R. 4.4 (a), cmt. [1] ("Responsibility to a client requires a lawyer to subordinate the interests of others to those of the client, but that responsibility does not imply that a lawyer may disregard the rights of third persons. It is impractical to catalogue all such rights, but *they include legal restrictions on methods of obtaining evidence from third persons and unwarranted intrusions into privileged relationships*.") (emphasis added).

Decided May 3, 2022 — Reconsideration denied June 1, 2022.

Formal Advisory Opinion.

*Paula J. Frederick, General Counsel State Bar, John J. Shiptenko, Assistant General Counsel State Bar, Lonnie T. Brown, Jr.*, for appellant.

*Drew Eckl & Farnham, Elissa B. Haynes; Freeman Mathis & Gary, Jacob E. Daly*, for appellee.